UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APRIL KAUFMAN,

        Plaintiff,

v.

Case No. 8:22-cv-42-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

_____

## **OPINION AND ORDER**[1]

### **I.  Status**

April Kaufman ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of a tumor on her skull, back injuries, neck injuries, arthritis, ovarian cysts, depression, anxiety, schizophrenia, and bipolar disorder. Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"),

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed March 3, 2022; Reference Order (Doc. No. 17), entered March 3, 2022.

filed March 3, 2022, at 40, 54, 163.[2] Although Plaintiff was last insured for DIB on September 30, 2017 (the "DLI"), Plaintiff protectively filed an application for DIB on September 16, 2019, alleging a disability onset date of March 19, 2012.[3] Tr. at 138-44. The application was denied initially, Tr. at 39-45, 46, 47, 49, 68-71, 72-74 (duplicate), and upon reconsideration, Tr. at 53-61, 62, 63, 65, 76-82, 83-88 (duplicate).

On December 30, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] See Tr. at 24-38. At the time of the hearing, Plaintiff was forty-three (43) years old. Tr. at 26-27. On May 12, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 12-18.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel in support of the request. See Tr. at 5-6 (Appeals Council exhibit list and order), 133-34 (request for review), 329-

---

[2] Early administration notes indicate Plaintiff has never been diagnosed with schizophrenia. Tr. at 42, 212. Plaintiff also represented during the administrative process that she has a "severe opioid addiction" that is causing "multiple mental and physical problems." Tr. at 287.

[3] Although actually completed on September 17, 2019, see Tr. at 138, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as September 16, 2019, see, e.g., Tr. at 39, 54.

[4] The hearing was held via telephone because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 26.

30 (brief). On November 3, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 2-4, thereby making the ALJ's Decision the final decision of the Commissioner. On January 5, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as the issue: whether the ALJ erred in "failing to comply with Social Security Ruling 83-20." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 21; "Pl.'s Mem."), filed April 26, 2022, at 2; see id. at 5-9. On June 9, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") responding to Plaintiff's argument on the issue. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 3 -

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step two, where the ALJ ended the inquiry based upon his findings at that step. See Tr. at 14-17. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of March 19, 2012 through her [DLI] of September 30, 2017." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found that through the DLI, Plaintiff "had the following medically determinable impairments: bilateral ovarian cysts and anxiety disorder, unspecified." Tr. at 14 (emphasis and citation omitted). The ALJ continued at that step by finding through the DLI that Plaintiff "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, [Plaintiff] did not have a severe impairment or combination of

impairments." Tr. at 14. The ALJ concluded Plaintiff "was not under a disability . . . at any time from March 19, 2012, the alleged onset date, through September 30, 2017, the [DLI]." Tr. at 17 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is

supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in "failing to comply with Social Security Ruling 83-20." Pl.'s Mem. at 5 (emphasis and capitalization omitted). The cited ruling provided that, when an ALJ determined a claimant was disabled, the ALJ also needed to "establish the onset date of disability." SSR 83-20, 1983 WL 31249, at *1. Plaintiff recognizes that the ALJ here did not explicitly make a disability finding, but contends the consultative examiner rendered an opinion that, if accepted, would result in a disability finding as of the date of the examination (which occurred more than three years after the DLI of September 30, 2017). Pl.'s Mem. at 8-9; see Tr. at 524-26 (opinion of consultative examiner Shelley Ocus, Psy.D. dated February 6, 2021). According to Plaintiff, the ALJ should have obtained the consultative examiner's opinion on Plaintiff's functioning prior to her DLI of September 30, 2017. Pl.'s Mem. at 8-9.

Plaintiff's argument fails. First, the cited ruling was rescinded in 2018 and replaced with Social Security Rulings 18-01p and 18-02p. See 2018 WL 4945639, at *1 (Oct. 2, 2018); Woodward v. Comm'r of Soc. Sec., No. 2:20-cv-417-NPM, 2021 WL 4438369, at *7 n.9 (M.D. Fla. Sept. 28, 2021). Second, pursuant to Social Security Ruling 18-01p, which possibly could be applicable to this case,

the Administration will determine an individual's established onset disability date (EOD) only if an individual "meets the statutory definition of disability." 2018 WL 4945639, at *2. Further, an ALJ "may call on the services of [a medical expert] by soliciting testimony or requesting responses to written interrogatories" but that decision "is always at the ALJ's discretion." Id., at *7. But here, the ALJ did not make any finding of disability. And, even if the ALJ had, the ALJ was under no obligation to obtain expert testimony about the onset disability date. Overall, in light of the almost two years between the DLI and the filing of the DIB claim, combined with the lack of evidence during the relevant time period, the ALJ did not err.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 13, 2023.

                                    JAMES R. KLINDT
                          United States Magistrate Judge

kaw
Copies to:
Counsel of Record